1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *
                                        )
9    UNITED STATES OF AMERICA,          )
                                        )
10                  Plaintiff,          )              3:05-CR-00085-LRH-WGC
                                        )
11   v.                                 )
                                        )              <u>ORDER</u>
12   JAMES WILLIAM LONDO,               )
                                        )
13                  Defendant.          )
     _____)

14

15          Before the court is defendant James Londo's Motion to Vacate under 28 U.S.C. § 2255

16   (#343). The United States of America has responded (#349) following the court's order directing a

17   response, and Londo has replied (#352).

18   **I.      Facts and Procedural History**

19          Londo was convicted by a jury on August 5, 2008, of conspiracy with intent to distribute

20   methamphetamines. Londo had originally pleaded guilty, but he fought a two-year battle to

21   withdraw his guilty plea in order to present evidence of sentencing entrapment at trial. He was

22   unsuccessful: the court sentenced Londo to a twenty-year mandatory minimum, and the period of

23   direct review terminated on October 4, 2010. On August 23, 2012, Londo moved to vacate, set

24   aside, or correct his sentence under § 2255.

25   \\

26   \\

## II.    Discussion

Londo bases his motion on an ineffective-assistance-of-counsel claim, in which he alleges that his trial counsel failed to inform him of a plea offer by the government in July 2008. He brought his motion more than one year after his judgment of conviction became final. *Clay v. United States*, 537 U.S. 522, 525 (2003). Accordingly, Londo's motion would normally be time-barred under § 2255(f). However, Londo asks for relief from § 2255's one-year statute of limitations by asserting that the right on which he relies—a right of the accused to have plea agreements communicated to him by his counsel, *Missouri v. Frye*, 132 S. Ct. 1399 (2012)—is "newly recognized" and was "made retroactive to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Londo is incorrect. "[N]either *Cooper* nor *Frye* announced a new rule of constitutional law." *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (citing *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012)). Rather, *Frye* "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686 (1984)." *Buenrostro*, 697 F.3d at 1140. Furthermore, the Supreme Court itself emphasized that it was merely applying *Strickland* in *Frye*, not breaking new ground. *Id. See also In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879-80 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012). Since Londo has had an opportunity to respond, dismissal on the grounds of untimeliness is appropriate. *Day v. McDonogh*, 547 U.S. 198, 210 (2006).

\\

\\

\\

\\

\\

\\

IT IS THEREFORE ORDERED that Londo's Motion to Vacate under 28 U.S.C. § 2255 (#343) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE